Anaida GALUSTIAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–70613.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Peter A. Hosharian, Esq., Law Offices of Peter A. Hosharian, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

MEMORANDUM **

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Anaida Galustian, a native of the former Soviet Union and a citizen of Georgia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. 1252. We review for substantial evidence, *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition for review.

The forensic expert's testimony and report provide substantial evidence to support the agency's finding that Galustian submitted a false driver's license. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Because the genuineness of this identity document went to the heart of Galustian's asylum claim, substantial evidence supports the agency's adverse credibility determination. *See id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (characterizing identity as a key element of an asylum claim). In the absence of credible evidence, Galustian failed to demonstrate eligibility for asylum or withholding of removal. *See Farah*, 348 F.3d at 1156.

Galustian has failed to set forth any substantive argument regarding the agency's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**